JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ALIYAH HILTON

**(b)** County of Residence of First Listed Plaintiff: Delaware County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam S. Barrist, Esq., 215-432-8829
P.O. Box 1820, Media, PA 19063

## DEFENDANTS
THE NEMOURS FOUNDATION
and CHRISTOPHER GLENN

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §1332
Brief description of cause:
Motor vehicle collision in Haverford Township, PA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** In excess of $150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 05/28/2024
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ALIYAH HILTON | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| THE NEMOURS FOUNDATION | : | |
| and | : | NO. |
| CHRISTOPHER GLENN | : | |
| Defendant. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( x )

| 05/28/2024 | | ALIYAH HILTON |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-432-8829 | 267-247-3098 | abarrist@barristfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2701 Madison Street, Apt. D98, Chester, PA 19013__

Address of Defendant: __1600 Rockland Road, Wilmington, DE 19803 / 2821 Ferris Road, Wilmington, DE 19805__

Place of Accident, Incident or Transaction: __Haverford Township, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __05/28/2024__     _[signature]_     __88645__
                   Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Adam S. Barrist, Esq.__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __05/28/2024__     _[signature]_     __88645__
                   Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALIYAH HILTON<br>2701 Madison Street, Apt. D98<br>Chester, PA 19013 | : CIVIL ACTION<br>:<br>: No._____ |
| Plaintiff, | |
| v. | |
| THE NEMOURS FOUNDATION<br>1600 Rockland Road<br>Wilmington, DE 19803 | |
| and | |
| CHRISTOPHER GLENN<br>2821 Ferris Road<br>Wilmington, DE 19805 | |
| Defendants. | |

## COMPLAINT

Plaintiff, Aliyah Hilton ("Ms. Hilton," or "Plaintiff"), through her undersigned attorneys, brings the following Complaint against the above-captioned Defendants.

## PARTIES

1. Plaintiff is an adult individual, citizen, resident and domiciliary of the Commonwealth of Pennsylvania, with a home address of 2701 Madison Street, Apt. D98, Chester, PA 19013.

2. Defendant, The Nemours Foundation ("Nemours" or "Defendant") is, upon information and belief, a corporation, partnership or other business or charitable entity in the State of Delaware, with a place of incorporation of, principal place of business and citizenship of 1600 Rockland Road, Wilmington, DE 19803.

3. Defendant, Christopher Glenn ("Mr. Glenn" or "Defendant") is, upon information and belief, an adult individual, citizen, resident and domiciliary of the State of Delaware, with a home address of 2821 Ferris Road, Wilmington, DE 19805.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred pursuant to 28 U.S.C §1332 as Plaintiff is a citizen, resident and domiciliary of the Commonwealth of Pennsylvania; Defendant, Mr. Glenn, is a citizen, resident and domiciliary of the State of Delaware; and Defendant, Nemours, is a corporation, partnership or other business or charitable entity with a place of incorporation, principal place of business of and citizenship of the State of Delaware.

5. There is, therefore, complete diversity between all Plaintiffs and all Defendants.

6. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, fees and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the personal injuries that are the subject of this litigation occurred in Haverford Township, Delaware County, PA, within this District.

**FACTS**

8. On February 2, 2024, Ms. Hilton was severely injured when Mr. Glenn negligently struck a vehicle from behind, forcing it to strike Ms. Hilton's vehicle from behind while she was stopped at a red light on Ardmore Avenue at the intersection with Darby Road in Haverford Township, PA.

9. At the time of the collision, Mr. Glenn was in the course and scope of employment with Nemours.

2

10. Mr. Glenn was deemed at-fault by the Haverford Township Police Department.

11. Plaintiff is bound by the full tort option due to 1) being an occupant of a commercial (non-private passenger) vehicle at the time of the subject collision; and 2) being struck by a vehicle registered in a different state (Delaware). 75 Pa.C.S.A. §1705(d)(3) and (d)(1)(3). Specifically, Ms. Hilton is a hospice nurse, traveling to her next patient and was operating in the course and scope of employment for Compassus at the time of the collision.

12. Such violent collision caused Ms. Hilton to a) sustain the permanent injuries described below, that have caused her body to not heal or function normally with further medical treatment; and b) suffer significant financial harm.

### COUNT ONE – NEGLIGENCE
**Plaintiff v. Defendant, Nemours**

13. Plaintiff incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

14. As the direct and proximate cause of Nemours' negligence as stated above, Ms. Hilton has suffered severe permanent physical injury, disfigurement and financial loss.

15. The injuries that Ms. Hilton has sustained are permanent in nature. Ms. Hilton has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of her natural life.

16. As a further result of the above negligent acts committed by Nemours, Ms. Hilton has incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

17. As a further result of the above negligent acts committed by Mr. Glenn, Ms. Hilton has incurred and will continue to incur substantial financial harm due to vehicular property damage.

3

18. In addition, Ms. Hilton has suffered other economic injury and will likely continue to suffer such economic injury.

19. Nemours, vicariously, through its agent/employee/authorized representative, Mr. Glenn, operated its vehicle in such a careless and/or negligent manner as to have caused the aforesaid collision to occur.

20. Nemours had a duty to Ms. Hilton to not employ individuals who would operate its vehicle in such a careless and/or negligent manner.

21. Nemours breached said duty, as set forth below.

22. As a direct and proximate result of the aforesaid acts, omissions, carelessness and/or negligence on the part of Nemours, Ms. Hilton suffered severe personal injuries; has been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, has been and will be in the future required to expend great sums of money for medical services; has been and will be in the future prevented from attending to her regular activities, duties and responsibilities; has been and will in the future be made to suffer lost earnings and other pecuniary loss.

23. The aforesaid accident was caused by the negligence and/or carelessness of Nemours because it, itself, and/or, vicariously, through its agent/employee/authorized representative, Mr. Glenn:

    a) Failed to keep its vehicle under control at all relevant times;

    b) Caused its vehicle to be driven at an excessive speed under the circumstances;

    c) Violated the Assured Clear Distance Ahead Rule;

    d) Disregarded traffic signals and signs;

    e) Failed to keep a proper lookout;

    f) Violently struck a vehicle, propelling it into Plaintiff's vehicle;

4

    g) Was driving in distracted fashion;

    h) Negligently hired Mr. Glenn;

    i) Negligently trained Mr. Glenn;

    j) Negligently caused/forced Mr. Glenn to drive its vehicle when he was in an unfit physical and/or mental condition to do so;

    k) Caused its vehicle to be in an unsafe condition; and

    l) Otherwise failed to exercise due care under the circumstances.

24. As the result of the above-referenced accident, Ms. Hilton suffered painful and serious injuries, including, but not limited to:

    a) radiculopathy;

    b) cervicalgia;

    c) nerve damage throughout her body;

    d) strains, sprains, disc bulges and disc herniations throughout her body, the extent of which is presently unknown;

    e) torn ligaments and tendons throughout her body, the extent of which is presently unknown;

    f) head injuries, the extent of which is presently unknown; and

    g) emotional harm, the extent of which is presently unknown.

25. As a result of such accident, Ms. Hilton has incurred medical expenses and will continue to incur said medical expenses for an indefinite time into the future.

26. As a result of such accident, Ms. Hilton has incurred unreimbursed property loss/damages and will continue to incur said expenses for an indefinite time into the future.

27. As a result of such accident, Ms. Hilton suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

28. As a result of such accident, Ms. Hilton has suffered lost wages, and will suffer a loss of future earnings capacity.

29. As a further result of such accident, Ms. Hilton has suffered and will continue to suffer a loss of life's pleasures.

**WHEREFORE**, Plaintiff, Aliyah Hilton, demands judgment against the Defendant, Nemours, in an amount in excess of $150,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

### COUNT TWO – NEGLIGENCE
### Plaintiff v. Defendant, Mr. Glenn

30. Plaintiff incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

31. As the direct and proximate cause of Mr. Glenn's negligence as stated above, Ms. Hilton has suffered severe permanent physical injury, disfigurement and financial loss.

32. The injuries that Ms. Hilton has sustained are permanent in nature. Ms. Hilton has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of her natural life.

33. As a further result of the above negligent acts committed by Mr. Glenn, Ms. Hilton has incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

34. As a further result of the above negligent acts committed by Mr. Glenn, Ms. Hilton has incurred and will continue to incur substantial financial harm due to vehicular property damage.

35. In addition, Ms. Hilton has suffered other economic injury and will likely continue to suffer

6

such economic injury.

36. Mr. Glenn operated his vehicle in such a careless and/or negligent manner as to have caused the aforesaid collision to occur.

37. Mr. Glenn had a duty to Ms. Hilton to not operate his vehicle in such a careless and/or negligent manner.

38. Mr. Glenn breached said duty, as set forth below.

39. As a direct and proximate result of the aforesaid acts, omissions, carelessness and/or negligence on the part of Mr. Glenn, Ms. Hilton suffered severe personal injuries; has been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, has been and will be in the future required to expend great sums of money for medical services; has been and will be in the future prevented from attending to her regular activities, duties and responsibilities; has been and will in the future be made to suffer lost earnings and other pecuniary loss.

40. The aforesaid accident was caused by the negligence and/or carelessness of Mr. Glenn, because he:

   a) Failed to keep his vehicle under control at all relevant times;

   b) Was driving at an excessive speed under the circumstances;

   c) Violated the Assured Clear Distance Ahead Rule;

   d) Disregarded traffic signals and signs;

   e) Failed to keep a proper lookout;

   f) Violently struck a vehicle, propelling it into Plaintiff's vehicle;

   g) Was driving in distracted fashion;

   h) Caused a violent collision to take place; and

   i) Otherwise failed to exercise due care under the circumstances.

41. As the result of the above-referenced accident, Ms. Hilton suffered painful and serious injuries, including, but not limited to:

   a) radiculopathy;

   b) cervicalgia;

   c) nerve damage throughout her body;

   d) strains, sprains, disc bulges and disc herniations throughout her body, the extent of which is presently unknown;

   e) torn ligaments and tendons throughout her body, the extent of which is presently unknown;

   f) head injuries, the extent of which is presently unknown; and

   g) emotional harm, the extent of which is presently unknown.

42. As a result of such accident, Ms. Hilton has incurred medical expenses and will continue to incur said medical expenses for an indefinite time into the future.

43. As a result of such accident, Ms. Hilton has incurred unreimbursed property loss/damages and will continue to incur said expenses for an indefinite time into the future.

44. As a result of such accident, Ms. Hilton suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

45. As a result of such accident, Ms. Hilton has suffered lost wages, and will suffer a loss of future earnings capacity.

46. As a further result of such accident, Ms. Hilton has suffered and will continue to suffer a loss of life's pleasures.

8

**WHEREFORE**, Plaintiff, Aliyah Hilton, demands judgment against the Defendant, Mr. Glenn, in an amount in excess of $150,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

THE BARRIST FIRM, LLC

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiff

Date: May 28, 2024

9

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALIYAH HILTON<br>2701 Madison Street, Apt. D98<br>Chester, PA 19013<br><br>    Plaintiff,<br><br> v.<br><br>THE NEMOURS FOUNDATION<br>1600 Rockland Road<br>Wilmington, DE 19803<br><br>and<br><br>CHRISTOPHER GLENN<br>2821 Ferris Road<br>Wilmington, DE 19805<br><br>    Defendants. | CIVIL ACTION<br><br>No._____ |

## JURY DEMAND

Plaintiff, Aliyah Hilton, hereby demands a trial by twelve (12) jurors.

          Respectfully submitted,

          **THE BARRIST FIRM, LLC**

          */s/ Adam S. Barrist*

          Adam S. Barrist, Esq.
          THE BARRIST FIRM, LLC
          P.O. Box 1820
          Media, PA 19063

          Attorney for Plaintiff

Date: May 28, 2024

10